## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ORVAL NATHAN RAY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CHARLES SIMMONS, et al., )<br>)<br>Respondent. ) | Case No. 03-3006-WEB |

### MEMORANDUM AND ORDER

Now before the Court is the pro se motion under Rule 60(b) of petitioner Orval Nathan Ray, for relief of judgment from the District Court's denial of his 28 U.S.C. § 2254 petition. (Doc. 19).

### I. Background.

Petitioner was convicted in Kansas state court of conspiracy to commit aggravated robbery, aggravated robbery, aggravated burglary, and kidnaping. On direct appeal, the Kansas Court of Appeals (KCA) reduced the aggravated robbery and conspiracy to commit aggravated robbery convictions to the lesser included offenses of robbery and conspiracy to commit robbery and affirmed the remainder of the conviction. The Kansas Supreme Court (KSC) denied review on March 22, 2000. Petitioner then filed for post-conviction relief in state court pursuant to Kan. Stat. Ann. § 60-1507, which was denied. The KCA affirmed the denial and Petitioner's counsel sought to file an out of time petition with the KSC which it denied. On January 6, 2003 Petitioner filed a petition for writ of habeas corpus raising seven claims for

relief. (Doc. 1, 2). The district court denied Petitioner's writ for habeas corpus on July 20, 2004. (Doc. 19). The Tenth Circuit affirmed the decision to deny the writ on February 10, 2005. (Doc. 32). On June 13, 2005 Petitioner filed for relief of judgment under Federal Rule of Civil Procedure 60(b). (Doc. 34).

Petitioner requests that the Court reconsider the denial of his petition for a writ of habeas corpus due to a change in state law. Petitioner argues that Kansas' recent recognition of a statutory right to effective assistance of counsel is sufficient cause for his procedural default; therefore, the district court should reconsider his petition for habeas corpus and decide these claims on the merits.[1]

## II. Rule 60(b) or Second or Successive 2254 petition.

Rule 60(b) authorizes a court to relieve a party of final judgment under certain circumstances. Fed. R. Civ. P. 60(b). The rules governing § 2254 proceedings provide in part that the Federal Rules of Civil Procedure can be applied in such proceedings "to the extent that they are not inconsistent with any statutory provisions ...." § 2254 Rule 11; Fed. R. Civ. P. 81(a)(2). Consequently, Rule 60(b) "cannot be used to circumvent [the statutory] restraints on successive habeas petitions." *See Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998). Thus, this Court must ascertain whether Petitioner's motion is appropriately analyzed under Rule 60(b).

"If neither the [60(b)] motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's [] conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules". *Gonzales v. Crosby*, 125 S. Ct.

---

[1] Petitioner's pro se petition has been construed liberally. *Hall v. Furlong*, 77 F.3d 361, 363 n2 (10th Cir. 1996).

2641, 2647 (2005). In *Gonzalez,* the habeas petitioner contended that the district court's time-bar ruling was incorrect due to a new Supreme Court decision. *Id*. at 2645. The district and appellate courts converted the motion to a second or successive habeas petition and denied petitioner's motion. *Id.* The Supreme Court found that a motion should not be converted into a second or successive habeas motion "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings. *Id*. at 2648.

In the case *sub judice*, Petitioner does not request that the Court address the merits of his procedurally defaulted claims; rather, he seeks to challenge the procedure through which the district and appellate courts found that his claims were procedurally barred. This type of claim is analogous to *Gonzalez*; therefore, the Court will evaluate this as a Rule 60(b) motion.

### III.  Analysis under Rule 60(b).

"Although strict compliance with the mandate of the reviewing court is required, a district court may consider a Rule 60(b) motion to reopen a decision that has been affirmed on appeal when the basis for the motion was not before the appellate court or resolved on appeal." *FDIC ex rel. Heritage Bank & Trust v. United Pac. Ins. Co.,* 152 F.3d 1266, 1273 (10th Cir. 1998). Hence, a district court does not flout the mandate of an appellate court by addressing issues that occur after an appeal because "the appellate mandate relates to the record and issues then before the court, and does not purport to deal with possible later events." *Standard Oil Co. v. United States,* 429 U.S. 17, 18 (1976).

However, Petitioner cannot obtain relief from this Court under Rule 60(b) because the 'new' case he cites as grounds for relief was decided two months prior to the Tenth Circuit's disposition of his habeas

appeal. *Brown v. State*, 101 P.3d 1201, 278 Kan. 481 (Dec. 3, 2004). The Court will presume *Brown* was considered because the holding was before the Tenth Circuit at the time of its decision.[2] Consequently, adherence to the mandate rule is required, as the Court has no power to reconsider issues that were resolved on appeal. *Colorado Interstate Gas Co. v. Natural Gas Pipeline Co.,* 962 F.2d 1528, 1534 (10th Cir. 1992).

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Petitioner's motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b) (Doc. 34) be DENIED;

SO ORDERED this 25th day of October, 2005.

s/ Wesley E. Brown

Wesley E. Brown, Senior U.S. District Judge

---

[2] While *Brown* is not directly cited in its decision, the Tenth Circuit's holding that there is no constitutional right to counsel in post-conviction proceedings in Kansas is consistent with *Brown*.